UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-10282-RCL

| | |
|---|---|
| THE UNITED STATES OF AMERICA f/u/o MAGUIRE COMPANY, INC., a Massachusetts with a principal place of business in Newton, Middlesex County,<br>   Plaintiff,<br><br>v.<br><br>MATTIE AND O'BRIEN MECHANICAL CONTRACTING CO., INC., a Massachusetts corporation with a principal place of business in Boston, Suffolk County, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut surety company registered to do business in Massachusetts,<br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATEMENT UNDER LOCAL 6.1 (D)(1)**

The parties hereby submit their joint statement pursuant to this Court's Order of March 15, 2005.

I.   **STATEMENT OF THE PARTIES**

A.   Plaintiff:

The United States of America, acting through the United States Department of Veterans Affairs (collectively "the Owner") entered into a written contract with defendant general contractor Mattie & O'Brien Mechanical contracting Co., Inc. (Mattie) for renovations to the VA Medical Center/West Roxbury Facility (Project). Mattie, as

principal, and defendant Travelers Casualty and Surety Company of America, as surety, executed a payment bond required by U.S.C. 3131 securing payment of labor and materials furnished on the Project. Maguire Company, Inc. (Maguire) entered into an oral subcontract with Mattie to furnish labor and materials for the plumbing work on the Project for a subcontract price of $249,800. Maguire is owed a subcontract balance of $45,240.28, calculated as follows:

| | | |
|---|---:|---:|
| Subcontract | | $249,800.00 |
| Approved Change Orders | | 24,987.00 |
| Disputed Claim for | | 31,888.46 |
|   Extra Work for Mattie's | | |
|   Failure to Coordinate | | |
| Total Subcontract, Change Orders | | $306,675.55 |
|   and Disputed Extra Work | | |
| Paid | $261,289.97 | |
| Credit for Medical Gas Work | 145.00 | |
| Total Paid and Credit | | <261,435.22> |
| Principal Balance Due | | $45,240.28 |

The items in dispute are:

(1) As part of the approved change order calculation, Maguire included change order 8 for $7,509 for certain revisions to the plumbing work. Mattie issued the written change order and Maguire performed the work. The change order contains no language making payment to Maguire conditional on payment by the Owner to Mattie. The condition precedent language relied upon by Mattie is contained in a form of subcontract which Maguire considered unfair and refused to sign.

(2) Maguire claims extra labor and management costs of $31,888.46 based on Mattie's change in the phasing of how the subcontract work was to be performed. Originally, the work was to be performed in two phases in each

of three wings of the hospital. Instead, Maguire incurred extra costs because the job was done in twelve phases requiring substantially more labor.

(3) Mattie claims a Maguire disputed charge for $5,760 for supplying a certain piece of equipment called a Vernacare unit. Maguire disputes the charge on the basis that it was excluded in its original proposal to Mattie. Mattie claims Maguire is bound by the <u>unsigned</u> subcontract to perform this work. Maguire disagrees. The correspondence between Mattie and Maguire makes clear Mattie knew Maguire would not sign and did not consider itself bound by Mattie's subcontract form.

(4) There is an undisputed subcontract balance of $228.04.

B. <u>Defendant</u>:

Maguire makes claim for the cost of a Vernacore unit ($5,760.00), proposed change order no. 8 ($7,509.00), delay/phasing costs ($31,888.46) and a claimed subcontract balance ($228.04).

There was a written subcontract between the parties transmitted to Maguire on December 11, 2002. Maguire received the subcontract a week after its December 5, 2002 proposal. After receiving the subcontract, Maguire proceeded with the subcontract work without any complaint to Mattie & O'Brien about the subcontract until some five months later in May 2003. Mattie & O'Brien appraised Maguire of that fact under Mattie & O'Brien's letter of June 27, 2003. Maguire's only response to Mattie & O'Brien, as set forth in Maguire's letter of July 8, 2003, was that the subcontract was "unfair." Maguire by its silence and prosecution of the work after having received the subcontract, is bound

3

by it. Article 4 of the subcontract specifically states that the subcontract supercedes and takes precedence over all proposals. Therefore, it is the subcontract which governs, and not Maguire's proposal. Maguire is thus bound by the provision in the plumbing specification which requires the installation of a waste processing unit as part of the plumbing specification. The government has not approved or paid for Maguire's proposed change order no. 8. Article 5 of the subcontract contains a "pay when paid provision" as a "condition precedent." The provision is enforceable in Massachusetts. Maguire does not get paid unless, and until, Mattie & O'Brien is paid by the government. Finally, Maguire is barred from its delay claim because it did not give notice of the claim until a year after the alleged delay, and the government has refused to make payment on Maguire's phasing claim which has no contractual basis.

**II.     JOINT DISCOVERY PLAN (RULE 16.1 (D)(1)) AND MOTION**

The parties propose the following Discovery Schedule:
(1)     Rule 26 Initial Disclosure by May 13, 2005.
(2)     Interrogatories and Document Requests served by September 16, 2005.
(3)     Initial depositions completed by November 19, 2005.
(4)     Motion to Dismiss or for Summary Judgment filed by January 20, 2006.
(5)     Oppositions to Dispositive Motions filed by February 17, 2006.
(6)     Reply to Opposition, if any, filed by March 10, 2006.
(7)     Plaintiff's response, if any, filed by March 24, 2006.
(8)     Scheduling conference for further depositions after decision on Summary Judgment motion.

**III.    MAGISTRATE JUDGE**

Neither party consents to trial by magistrate judge.

**IV.    CERTIFICATION RULE 16. 1 (D)**

The parties and their respective counsel of record hereby certify that they have

conferred regarding establishing a budget for the costs of conducting the full course of various alternative courses of litigation, and that they have conferred regarding the resolution of the litigation through alternative dispute resolution programs such as outlined in L.R. 16.4.

| Respectfully submitted, | Respectively submitted, |
|---|---|
| MATTIE & O'BRIEN MECHANICAL CONTRACTING CO., INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>By their Attorney, | MAGUIRE COMPANY, INC.<br>By its Attorney, |
| /s/ Leo S. McNamara, Esq.<br>Leo S. McNamara, Esq.<br>BBO #339380<br>McNAMARA & FLYNN, P.A.<br>84 State Street, 9th Floor<br>Boston, MA 02109<br>(617)-723-3344 | /s/ Edwin J. Fremder, Esq.<br>Edwin J. Fremder, Esq.<br>BBO #179220<br>CORWIN & CORWIN LLP<br>One Washington Mall<br>Boston, MA 02108<br>(617) 742 3420 |
| MATTIE & O'BRIEN MECHANICAL CONTRACTING CO., INC.<br>By, | MAGUIRE COMPANY, INC.<br>By, |
| /s/Robert E. Mattie<br>Mr. Robert Mattie, President | /s/ Dennis V. Maguire<br>Mr. Dennis V. Maguire, President |

Dated:   April 11, 2005